**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDWARD STERNER and his wife, LINDA WOOD, <br><br> Plaintiffs, <br><br> v. <br><br> TITUS TRANSPORTATION, LP d/b/a AIR RIDE TRANSPORT, and ROGER L. ROBERTSON, <br><br> Defendants. | CIVIL ACTION NO. 3:CV-10-2027 <br><br> (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is Defendants Titus Transportation, LP d/b/a Air Ride Transport ("Air Ride Transport") and Roger L. Robertson's ("Robertson") (collectively, "Defendants") Motion for Partial Judgment on the Pleadings. (Doc. 24.) Defendants seek judgment on the pleadings on Plaintiffs' punitive damages claims and on the direct negligence claims asserted against Air Ride Transport. Defendants also request that Plaintiffs be precluded from engaging in corporate discovery in this action. Defendants' motion will be granted in part and denied in part. Because Air Ride Transport has admitted that Robertson was its employee acting within the scope of his employment at the time of the events relevant to this litigation, and because Plaintiffs do not have viable punitive damages claims, Defendants' motion for partial judgment on the pleadings will be granted regarding the claims for punitive damages against both Defendants and the direct negligence claims against Air Ride Transport. However, because Defendants' request to prevent Plaintiffs from engaging in corporate discovery is based on an anticipated discovery dispute that has yet to materialize, that aspect of Defendants' motion will be denied without prejudice.

**I. Background**

Plaintiffs Edward Sterner ("Sterner") and his wife Linda Wood ("Wood) allege that on December 24, 2008, at approximately 4:00 p.m., Sterner was proceeding northbound on Route I-81 in Pennsylvania while operating a 2007 Sterling tractor trailer. (*Id*. at ¶ 10.) Due to icy conditions, Sterner pulled his vehicle to the shoulder of the road. Other tractor trailers pulled over behind Sterner's vehicle. (*Id*. at ¶¶ 11-12.) Thereafter, Robertson pulled his tractor trailer out from behind Sterner's vehicle. Robertson lost control of the tractor trailer, and he caused the vehicle to jackknife and strike Sterner's tractor trailer. (*Id*. at ¶¶ 13-15.)

Based on the foregoing, Plaintiffs commenced this action against Defendants on September 30, 2010. The Complaint alleges that Robertson was an "agent, servant, and/or employee of Defendant Titus Transportation, LP d/b/a Air Ride Transport." (*Id*. at ¶ 4.) Against Robertson, Sterner asserts claims for negligence (Count One) and punitive damages (Count Five), while Wood asserts a loss of consortium claim (Count Two). Against Air Ride Transport, Sterner asserts claims for vicarious liability and corporate negligence (including negligent entrustment, instruction, supervision, and monitoring) (Count Three) and punitive damages (Count Six), and Wood asserts a claim for loss of consortium (Count Four).

On November 17, 2010, Defendants filed an Answer to Plaintiffs' Complaint, Affirmative Defenses, and Demand for Jury Trial. (*Answer*.) In their Answer, Defendants "admitted only that Defendant Roger Robertson was an employee of Titus Transportation, LP d/b/a Air Ride Transport on December 24, 2008." (*Id*. at ¶ 4.) Defendants also admitted that "Roger Robertson was operating a tractor-trailer owned by Defendant Titus Transportation, LP d/b/a Air Ride Transport." (*Id*.)

On October 10, 2011, Titus Transportation, LP filed a Suggestion of Bankruptcy (Doc. 13), and this action was stayed on October 12, 2011. (Doc. 14.)

On January 29, 2013, Defendants, with Plaintiffs' concurrence, filed a Motion to Lift the October 12, 2011 Stay. (Doc. 16.) Attached to Defendants' motion was an Order from the United States Bankruptcy Court for the Eastern District of Texas granting Plaintiffs' Motion for Relief from Plan Injunction to Permit Continuation of Litigation up to the Limits of Applicable Insurance Coverage. (*Id.* at Ex. A.) The Order permits Plaintiffs to continue this action, and Plaintiffs can recover, if successful, up to the applicable insurance coverage of Defendant Titus Transportation, LP, in the amount of $999,890.00. (*Id.*) The Order also provides that Plaintiffs shall not seek punitive damages in this action. (*Id.*) The motion to lift the stay was granted on January 30, 2013, and the case was reopened. (Doc. 17.) A Case Management Conference was subsequently held on September 12, 2013.

On October 15, 2013, Defendants filed the instant motion for partial judgment on the pleadings. (Doc. 24.) Defendants seek judgment on Plaintiffs' direct negligence claims, *i.e.*, the claims for negligent entrustment, instruction, supervision, monitoring, and hiring, against Air Ride Transport. Defendants also request judgment on the punitive damages claims asserted against both Defendants. Lastly, Defendants seek to preclude Plaintiffs from engaging in corporate discovery.

Plaintiffs filed a brief in opposition to Defendants' motion on November 8, 2013, (Doc. 29), and, on November 21, 2013, Defendants filed a reply brief in further support of their motion. (Doc. 30.) Defendants' motion for partial judgment on the pleadings is now ripe for disposition.

**II. Discussion**

**A.    Legal Standard**

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment "[a]fter the pleadings are closed-but early enough not to delay trial." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate "if the movant clearly establishes there are no material

3

issues of fact, and he is entitled to judgment as a matter of law." *Sikirika v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). "A material issue of fact that will prevent a motion under Rule 12(c) from being successful may be framed by an express conflict on a particular point between the parties' respective pleadings. It also may result from the defendant pleading new matter and affirmative defenses in his answer." Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1367. In determining a motion for judgment on the pleadings, a court considers "the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents, and matters of public record." *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010) (citations omitted). As with a motion to dismiss, the court must view the facts and the inferences to be drawn from the facts in the light most favorable to the nonmoving party. *Sikirika*, 416 F.3d at 220.

**B.    Punitive Damages Claims**

Defendants' motion for judgment on the punitive damages claims set forth in Counts Five and Six of the Complaint will be granted. As noted, the Order issued by the United States Bankruptcy Court for the Eastern District of Texas granting Plaintiffs' Motion for Relief from Plan Injunction to Permit Continuation of Litigation up to the Limits of Applicable Insurance Coverage states that Plaintiffs "shall not seek punitive damages in [this] litigation." (Doc. 16, Ex. A.) Moreover, Plaintiffs do not oppose Defendants' request for judgment on these claims. Thus, Defendants' motion regarding the punitive damages claims will be granted.

**C.    Direct Liability Claims**

Defendants also seek judgment on the pleadings regarding Plaintiffs' direct liability claims, *i.e.*, the claims for negligent entrustment, instruction, supervision, monitoring, and

4

hiring, against Air Ride Transport. At issue is whether Plaintiffs can proceed on the direct liability claims where (1) Defendants admitted that Robertson was an employee of Air Ride Transport and that he was acting within the scope of his employment, and (2) Plaintiffs are prohibited from seeking punitive damages in this action.

"In the majority of states that have addressed th[is] issue, a plaintiff cannot pursue a claim against an employer for negligent entrustment, hiring, supervision, or training when the employer admits that its employee was acting within the scope of employment when the accident occurred." *Peterson v. Johnson*, No. 11CV804, 2013 WL 5408532, at *1 (D. Utah Sept. 25, 2013) (citing *Coville v. Ryder Truck Rental, Inc.*, 817 N.Y.S.2d 179 (N.Y. App. Div. 2006); *Brown v. Larabee*, No. 04-1025, 2005 WL 1719908, at *1 (W.D. Mo. July 25, 2005); *Hoch v. John Christner Trucking, Inc.*, No. 05-0762, 2005 WL 2656958, at *1 (W.D. Mo. Oct. 18, 2005); *Clooney v. Geeting*, 352 So. 2d 1216 (Fla. Dist. Ct. App.1977); *Bartja v. National Union Fire Ins. Co.*, 463 S.E.2d 358 (Ga. Ct. App. 1996); *Gant v. L.U. Transport, Inc.*, 770 N.E.2d 1155 (Ill. App. Ct. 2002); *Wise v. Fiberglass Systems, Inc.*, 718 P.2d 1178 (Idaho 1986)); *see also Adele v. Dunn*, No. 12-cv-597, 2013 WL 1314944, at *1-*2 (D. Nev. Mar. 27, 2013); *Brown v. Tethys Bioscience, Inc.*, No. 10-1245, 2012 WL 4606386, at *6 (S.D. W. Va. Oct. 1, 2012); *Davis v. Macey*, 901 F. Supp. 2d 1107, 1111 (N.D. Ind. 2012). "The rationale is that the employer's liability is a derivative claim fixed by a determination of the employee's negligence. Therefore, courts following the majority rule have determined that evidence of negligent hiring, training, supervision or retention becomes unnecessary, irrelevant, and prejudicial if the employer has already admitted vicarious liability under *respondeat superior*." *Zibolis-Sekella v. Ruehrwein*, No. 12-cv-228, 2013 WL 3208573, at *2 (D.N.H. June 24, 2013) (citations, internal citations, and internal quotations omitted). An exception to this rule exists, however, when a plaintiff has a valid claim for punitive damages. *See, e.g., Perry v. Stevens Transp., Inc.*, No. 11CV0048, 2012 WL 2805026, at

*6 (E.D. Ark. July 12, 2012).

Conversely, "a minority of jurisdictions have held that 'an admission of liability does not preclude an action for both *respondeat superior* and negligent entrustment, training, hiring, retention, or supervision.'" *Fairshter v. Am. Nat'l Red Cross*, 322 F. Supp. 2d 646, 653-54 (E.D. Va. 2004) (quoting *Poplin v. Bestway Express*, 286 F. Supp. 2d 1316, 1319 (M.D. Ala. 2003)); *see also Zibolis-Sekella*, 2013 WL 3208573, at *2-3; *Stallings v. Werner Enters., Inc.*, 598 F. Supp. 2d 1203, 1213 (D. Kan. 2009). "Those jurisdictions following the minority rule have done so in part based on the notion that a claim for negligent hiring, retention, training and supervision is premised on an employer's direct liability, as opposed to a claim under the theory of *respondeat superior* pursuant to which an employer's liability is derivative of the negligent acts of an employee acting within the scope of employment." *Zibolis-Sekella*, 2013 WL 3208573, at *2.

The Pennsylvania Supreme Court has yet to address this issue. Federal district courts in Pennsylvania, however, have applied the majority rule and refused to allow claims for negligent entrustment, supervision, monitoring, and hiring to proceed when (1) the supervisor/employer defendant admits that its employee was acting in the scope of his or her employment at the time of the accident, *and* (2) the plaintiff does not have a viable claim for punitive damages against the supervisor/employer defendant. *See, e.g., Tuck v. Calhoun*, No. 08cv2213, 2011 WL 398285, at *7 (M.D. Pa. Feb. 2, 2011) (Munley, J.) (denying employer's motion for summary judgment because plaintiff's punitive damage claim remained viable); *Allen v. Fletcher*, No. 07-722, 2009 WL 1542767, at *4-5 (M.D. Pa. June 2, 2009) (Caputo, J.) (granting motion for summary judgment as to negligent hiring claim because plaintiffs did not bring a claim for punitive damages); *Burke v. Transam Trucking, Inc.*, 605 F. Supp. 2d 647, 657-59 (M.D. Pa. Mar. 31, 2009) (Conaboy, J.) ("Given our finding that Plaintiffs' punitive damages claims go forward, we find summary judgment

6

on Plaintiffs' negligent hiring, supervision, monitoring and entrustment claims inappropriate at this stage in the proceedings."); *Achey v. Crete Carrier Corp.*, No. 07-cv-3592, 2009 WL 9083282, at *7-8 (E.D. Pa. Mar. 30, 2009) (Golden, J.) (dismissing two counts of the complaint "because Defendants have admitted the existence of an agency relationship and Plaintiff's negligent entrustment punitive damages claims fail"); *Fortunato v. May*, No. 04-1140, 2009 WL 703393, at *5 (W.D. Pa. Mar. 16, 2009) (Conti, J.) ("In this case, plaintiff did not assert a claim for punitive damages against the supervisor defendants, and the court will dismiss the negligent supervision and negligent entrustment claims."); *Vargo v. Coslet*, No. 02-cv-0676 (M.D. Pa. Dec. 20, 2002) (Kosik, J.); *Holben v. Midwest Emery Freight Sys., Inc.*, 525 F. Supp. 1224, 1224-25 (W.D. Pa. 1981) (Weber, C.J.) ("Were it not for the punitive damages claim we would strike the 'negligent entrustment' cause of action.").

> As I stated in *Allen*:
>
> Courts have dismissed such claims, absent a punitive damages claim, because[ ] "[n]othing can be gained from it when the defendant employer has admitted the agency of the driver, and to permit the action to proceed on both counts would allow the introduction of evidence of prior accidents of the driver, highly prejudicial, irrelevant and inadmissable in the cause of action based on the imputed negligence of the driver."

*Allen*, 2009 WL 1542767, at *4-5 (quoting *Holben*, 525 F. Supp. at 1224-25). But, when punitive damages claims are pursued, an exception to the general rule exists because "'where in a negligent entrustment or hiring case the plaintiff alleges that defendant's action was indifferent to the consequences and claims punitive damages, this becomes an important additional element to his case.'" *Id*. at *4 n.5 (quoting *Holben*, 525 F. Supp. at 1225).

Plaintiffs suggest that the decisions in *Allen*, *Achey*, and *Fortunato* are inapplicable here because those cases all resolved post-discovery motions for summary judgment. Plaintiffs' argument is unavailing. While those decisions all addressed the viability of the plaintiffs' direct negligence claims at summary judgment, it is irrelevant that Defendants'

7

motion in this case was filed before the completion of discovery. What is significant about *Allen*, *Achey*, and *Fortunato* is not that those cases were decided after the parties engaged in discovery. Rather, it is that those decisions applied the majority rule and its well-recognized exception for cases involving claims for punitive damages. And, in applying this rule and exception, once the employer/supervisor defendants admitted an agency relationship *and* no claims for punitive damages remained in the action (either because they were not alleged or since the supervisor/employer defendants were entitled to summary judgment on the punitive damages claims), the plaintiffs in those cases could no longer proceed with the direct negligence claims against the employer/supervisor defendants. Precisely the same situation is present here even though discovery has not been completed. That is, at this time, no claims for punitive damages remain in this action pursuant to the Order of the Bankruptcy Court for the Eastern District of Texas, and the employer Defendant has admitted that its employee Defendant was acting within the scope of employment at the time of the accident. Thus, applying the principles articulated in *Holben* and the other district court decisions from this Circuit cited above, and finding that Air Ride Transport admitted an employment relationship with Robertson and that Plaintiffs cannot seek punitive damages in this action, Defendants' motion for judgment on the pleadings regarding the direct negligence claims against Air Ride Transport will be granted. The vicarious liability claims against Air Ride Transport, however, remain in this action.

**D.** **Corporate Discovery**

Lastly, Defendants request that an order be issued precluding "Plaintiffs from engaging in corporate discovery, including depositions of corporate representatives and documents, materials, and manuals that support corporate negligence claims . . . ." (Doc. 25, 23.) Defendants' request is premature. At this time, no specific discovery dispute between the parties has been identified. Instead, Defendants have simply predicted that

one will arise. If, as Defendants anticipate, such a discovery dispute does arise, it can be addressed in accordance with Paragraph 9 of the controlling Case Management Order. (Doc. 23, ¶ 9.) Therefore, Defendants' request will be denied without prejudice.

### III. Conclusion

For the above stated reasons, Defendants' motion is granted in part and denied in part. With regard to Plaintiffs' punitive damages claims and the direct liability claims against Air Ride Transport, Defendants' motion will be granted. However, Defendants' request to preclude Plaintiffs from engaging in corporate discovery will be denied without prejudice.

An appropriate order follows.


December 12, 2013 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge